NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1245

GREP ATLANTIC LLC & another[1]

vs.

ROBINSON PAUL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a no-fault residential summary process action brought in the Housing Court by the plaintiffs (landlord) against the defendant (tenant).  The tenant appeals from the resulting judgment for summary process, which awarded possession of the leased premises to the landlord and adjudicated the tenant's counterclaims in the landlord's favor. We affirm.

Background.  We summarize the judge's findings based on the evidence at trial.  The tenant has lived at the premises since 2021.  His most recent lease ran from June 11, 2023, through June 10, 2024.  At the conclusion of that lease, the tenant owed

_____

[1] Fenway Center Owner 1-2, LLC d/b/a Bower.

at least $7,000.  The landlord elected not to enter into a new lease with the tenant due to the arrearage.  When the lease expired, the tenant did not move out and, therefore, became a tenant at will.

In December 2024, the landlord served the tenant with a notice to quit, terminating the tenancy at will at the end of January 2025.  The tenant did not vacate and, in February 2025, the landlord filed a no-fault summary process action seeking to evict the tenant but not seeking delinquent rent.[2]  The tenant filed an answer and counterclaims asserting claims for retaliation under G. L. c. 186, § 18, interference with his use of the premises under G. L. c. 186, § 14,[3] and violation of G. L. c. 93A.

Discussion.  On review of a judgment in a summary process action, we accept the factual findings of the judge as true unless clearly erroneous, see Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 123 (2018), as the judge's "firsthand view of the presentation of evidence," including the testimony of witnesses, places him "in the best position to judge the

_____

[2] The landlord sought to amend his pleading to seek the amount owed, but the judge denied the amendment.  The landlord did not cross appeal and thus the owed rent is not relevant to this appeal.

[3] The tenant does not allege error concerning the judge's ruling on his G. L. c. 186, § 14 claim.

weight and credibility of the evidence" (citation omitted).
Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510
(1997).  We "scrutinize without deference the legal standard
which the judge applied to the facts" (citation omitted).
Cambridge St. Realty, LLC, supra.

The tenant asserts that the judge made a clear error in his
findings regarding the tenant's employment status and financial
condition.  The tenant testified that he was having difficulty
working because he became ill, causing him to fall behind on his
rent.  However, because this was a no-fault eviction of a tenant
at will, neither the tenant's financial situation nor his
employment status was relevant to the summary process action.
See Davis v. Comerford, 483 Mass. 164, 166 n.4 (2019) ("A
tenancy at will may be terminated any time by the will of the
parties" [quotation and citation omitted]).  Furthermore, there
is no evidence to suggest that the judge misinterpreted or
mischaracterized the documents and testimony.  There was no
error.

Additionally, the tenant challenges the adjudication of his
counterclaims in favor of the landlord.  At trial, the tenant
claimed that the landlord's refusal to offer a lease renewal, to
adjust the rent amount owed based on tenant's belief that
certain monies had been paid, and to accept rental assistance
were all violations of G. L. c. 93A and constituted retaliation

3

pursuant to G. L. c. 186, § 18.  Other than bare assertions, the tenant produced no evidence to support his contentions, and the judge credited the testimony of the landlord's property manager. This determination was not clearly erroneous.

Furthermore, while a landlord is prohibited from discriminating against a recipient of rental assistance "because the individual is such a recipient," there is no obligation that a landlord continue to renew a lease or accept rental assistance when there is a balance owed.  DiLiddo v. Oxford St. Realty, Inc., 450 Mass. 66, 75 (2007), quoting G. L. c. 151B, § 4 (10). In the absence of a written lease, a landlord can evict a tenant for no cause provided proper notice is given to the tenant.  See G. L. c. 186, § 12; Davis, 483 Mass. at 166 n.4.  There was no

error in the judge finding for the landlord on the tenant's counterclaims.[4]

Judgment affirmed.

By the Court (Walsh,
Hershfang & D'Angelo, JJ.[5]),

*Paul Little*

Clerk

Entered: July 6, 2026.

---

[4] The tenant's claim that the judge erred in finding that his then-active MCAD complaints had been resolved is unavailing. The judge made no such finding, instead stating that "[t]he evidence at trial was unclear whether the [MCAD] actions are pending and their status" and noting that "[n]o objective evidence was submitted." And as discussed supra, dismissal of these claims was not error regardless of their status with MCAD.

[5] The panelists are listed in order of seniority.